hPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, George Edward Lucas, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
In January, 1999, Margaret Wallis retained respondent to represent her and her daughter, Karen Wallis, in a personal injury matter stemming from an automobile accident.[1] Respondent instituted suit on behalf of his clients, and obtained a settlement on their behalf for $24,203.98. Of this amount, respondent retained $4,934.10 to pay third party medical expenses incurred by Karen.
Subsequently, Mrs. Wallis advised respondent that she had personally satisfied some of the outstanding medical expenses. According to respondent, he entered into an agreement with Mrs. Wallis whereby he would give her a credit for the medical expenses she paid against outstanding attorney’s fees owed to him by Mrs. Wallis stemming from an unrelated divorce case that his law firm was handling on her behalf. Respondent then paid what he believed were the remaining amounts owed to third party medical providers.
| ¡At some point thereafter, respondent learned that his paralegal had not obtained all of Karen’s outstanding medical bills, and, as a result, all of her medical expenses had not been paid. Believing the error to be his fault, respondent satisfied *1091 the outstanding medical expenses out of his own pocket. He then provided $688.26 in restitution to Karen, representing the amount he withheld from her share of the settlement as medical expenses that he mistakenly believed had been satisfied by Mrs. Wallis and which had been retained by him for his attorney’s fees in Mrs. Wallis’ unrelated domestic case.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Upon receiving a complaint from Mrs. Wallis, the ODC conduct an investigation. Prior to the institution of formal charges, respondent submitted a petition for consent discipline and stipulation of facts. In that petition, he admitted his conduct violated Rules 1.7 (conflict of interest) and 1.15 (failure to promptly account for or deliver funds or property owed to a client or third party and failure to maintain financial records) of the Rules of Professional Conduct. In mitigation, respondent noted that he accepted full responsibility for his actions, which he alleged arose out of his “gross negligence” in the managing of his financial records. He also pointed out the amount involved ($688.26) was small and that he rectified the harm suffered to his clients and the public. For his misconduct, respondent proposed that he be suspended from the practice of law for a period of two years, fully deferred, followed by a two year period of supervised probation with conditions.[2]
|3The ODC submitted a written concurrence in connection with the consent petition. While it recognized respondent’s negligent conduct resulted in minimal injury, the ODC supported monitoring of respondent’s practice due to the seriousness of the mishandling of his trust account.

Recommendation of the Disciplinary Board

Based on respondent’s admission of misconduct, the board determined respondent knowingly violated a duty to his clients by engaging in a conflict of interest and failing to safeguard client property. However, the board recognized respondent’s misconduct stemmed from improper office accounting procedures and pointed out respondent made timely restitution to his client and the third party medical providers.
Relying on Standards 4.12 and 4.32 of the ABA’s Standards for Imposing Lawyer Sanctions,[3] the board determined suspension was the appropriate baseline sanction. As mitigating factors, it recognized respondent’s absence of a prior disciplinary record, absence of a dishonest or selfish motive, timely good faith effort to make restitution and full disclosure to the disciplinary system. The sole aggravating factor identified by the board was respon *1092 dent’s substantial experience in |4the practice of law.[4] Accordingly, the board recommended the consent discipline be adopted and that respondent be suspended from the practice of law for a period of two years, fully deferred, subject to a two year period of probation with the proposed conditions.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful. that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record reveals that respondent failed to properly disburse funds belonging to a client or third parties, which clearly constitutes professional misconduct. However, respondent’s misconduct stemmed in large measure from inadequate office accounting procedures. Upon learning of the error, respondent took prompt action to rectify the consequences of his action. Under these circumstances, we conclude respondent’s actions were not based on any dishonest or selfish motive.
In similar cases, we have imposed fully deferred suspensions, combined with probation. See, e.g., In re: Crooks, 00-1359 (La.6/23/00), 762 So.2d 1077 (a one Lyear and one day suspension, fully deferred, conditioned upon a two year probation was imposed on an attorney stemming from conversion of three clients’ funds and failure to supervise his non-lawyer assistants). Such an approach gives the lawyer an opportunity to correct any office problems, while at the same time protecting the public from future misconduct.
Accordingly, we will accept the petition for consent discipline, and impose a fully deferred suspension, subject to probation with conditions.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that George Edward Lucas, Jr. be suspended from the practice of law for a period of two years. It is further ordered that this suspension shall be fully deferred and respondent shall be placed on supervised probation for a period of two years, subject to the conditions set forth in the petition for consent discipline. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. At the time respondent was retained, Karen was a minor. However, she reached the age of majority by the time the case was settled.

. Respondent proposed the following conditions:
1. Respondent will consult with Gilsbar Loss Avoidance Counsel to obtain advice for setting up proper bookkeeping procedures for the handling of his financial accounts, books, and, in particular, his trust account.
2. Respondent will retain, at his own expense, a certified public accountant who will assist in setting up the bookkeeping system, particularly for respondent’s trust account, and will audit or review respondent’s trust account for compliance with the Rules of Professional Conduct and make a quarterly report to both the ODC and respondents probation monitor.

. Standard 4.12 provides "[sjuspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.’’ Standard 4.32 provides "[sjuspension is generally appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.”

. Respondent was admitted to the practice of law in Louisiana on October 6, 1989.