*1159 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This matter arises from a joint petition for consent discipline filed by the Office of Disciplinary Counsel (“ODC”) and respondent, Linda Marie Meyer, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS

Roberts Firm Matter

In October 2001, Bradford R. Roberts and Michael Katz of the firm of Roberts, Katz & Baudier (“Roberts firm”) filed a complaint with the ODC against respondent, a former associate of the firm. They alleged that when respondent left their law firm for other employment, she took case files involving clients Elroy James and Leroy Jackson, Sr. The Roberts firm had advanced large sums in costs and expenses in connection with these files. Respondent assured Mr. Roberts in written correspondence that the files would not be closed and no fees or expenses would be paid before the Roberts firm’s interests had been adequately protected.
Subsequently, respondent settled the Elroy James matter. Following settlement, there were insufficient funds to satisfy the outstanding medical liens, as well as costs and fees claimed by respondent and the Roberts firm. As a result, respondent took no action concerning the distribution of the funds. After an extended period of time | shad passed, the settlement funds were placed in the registry of the court pending disposition by the presiding judge in the case.
Respondent also settled the Leo Jackson matter. Because Mr. Jackson’s medical bills and the claims of his prior attorneys exceeded the amount of the settlement, respondent attempted to negotiate with the health care providers and attorneys for a reduction of them claims. She was unsuccessful. The settlement check was never cashed, even after it had been reissued on two occasions. As a result, the tortfea-sor’s insurance carrier deposited the check in the registry of the court, and the matter is currently under negotiation among those parties claiming an interest.
Ultimately, the Roberts firm filed a civil suit against respondent alleging respondent faded to take adequate measures to protect the firm’s monetary interests in the James and Jackson settlements.

Smith Matter

In October 2001, Larry Smith, a former client of respondent, filed a complaint with the ODC alleging respondent did not provide him with his case file following respondent’s withdrawal from the representation. Respondent did eventually return the file to Mr. Smith, after having been subpoenaed to give a sworn statement to the ODC.
*1160 DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Prior to the institution of formal charges, respondent submitted a petition for consent discipline and stipulation of facts with the disciplinary board. In the petition, [¡¡respondent concedes, although she did not have primary responsibility at all times for the James and Jackson cases, her actions relative to the handling of the settlement checks and proceedings constituted violations of Rules 1.3 (lack of due diligence), 3.2 (failure to expedite litigation) and 1.15 (failure to protect interests of a third party having a rightful interest in a client matter) of the Rules of Professional Conduct. As to the Smith matter, respondent admits her actions violated Rule 1.16(d) (failure to protect client interests upon termination of representation) of the Rules of Professional Conduct.
As mitigating factors, the parties stipulated to an absence of a prior disciplinary record, full and free disclosure to the disciplinary board and cooperative attitude toward proceedings, character and reputation, absence of a dishonest or selfish motive and remorse. Additionally, the parties agreed respondent’s misconduct took place while she was experiencing personal and emotional problems. In connection with the consent petition, the parties produced current medical documentation to indicate these concerns have been stabilized with treatment and ongoing medical supervision, and that respondent is competent to engage in the practice law. For respondent’s professional misconduct, the parties propose a one year and one day suspension, fully deferred, followed by a two-year period of supervised probation with conditions.[1]

*1161
_[¿Disciplinary Board Recommendation

Based on respondent’s admission of misconduct, the board determined respondent knowingly violated a duty owed to Mr. Smith by failing to return his file upon her discharge, and to her profession by failing to expedite litigation and to protect the Roberts firm’s interests in the James and Jackson matters.
Relying on jurisprudence from this court, the ABA’s Standards for Imposing Lawyer Sanctions and the mitigating factors cited in the consent petition, the board recommended the consent discipline be adopted.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
| ..DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record reveals that respondent failed to adequately protect the interest of a third party in two client matters and failed to return client property at the termination of the representation. The baseline sanction for such misconduct is a suspension.
In mitigation, we recognize several factors, including respondent’s lack of a prior disciplinary record and full cooperation with the ODC. Most significantly, we find respondent’s misconduct was not based on a dishonest or selfish motive. Rather, it stemmed in large part from her personal and emotional problems during the time period in question. The record demonstrates respondent has taken adequate steps to address these problems and prevent a reoccurrence of the misconduct in the future.
Under similar circumstances, we have held a fully-deferred suspension, combined with probation, is an adequate sanction. See, e.g., In re Laurent, 02-2163 (La.1/14/03), 835 So.2d 430 (six-month suspension, fully deferred, conditioned upon two-year probationary period imposed on attorney who commingled funds, where misconduct resulted from poor office management skills rather than from intentional or selfish motive); In re Lucas, 02-1624 (La.8/30/02), 825 So.2d 1090 (two-year | (¡suspension, fully deferred, conditioned upon two-year probationary period imposed on attorney who failed to properly disburse client or third party funds, where attorney promptly rectified consequences of his actions and had no dishonest or selfish motives); In re: Crooks, 00-1359 (La.6/23/00), 762 So.2d 1077 (one-year and one day suspension, fully deferred, conditioned upon a two-year probationary period imposed on attorney who misused trust account and failed to supervise his non-lawyer assistants, where there was little if any harm to clients and no dishonest or selfish motive). Such an approach gives the lawyer an opportunity to address the problems which caused the past miscon *1162 duct, while at the same time protecting the public from future misconduct.
Accordingly, we will accept the petition for consent discipline, and impose a fully deferred suspension, subject to probation with conditions.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Linda Marie Meyer, Louisiana Bar Roll No. 19060, be suspended from the practice of law for a period of one year and one day. It is further ordered that this suspension shall be fully deferred and respondent shall be placed on supervised probation for a period of two years, subject to the conditions set forth in the petition for consent discipline. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension execu-tory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal |7interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., dissents and would reject the consent discipline.

. The parties propose the following probationary conditions:
A. If the ODC determines, at the conclusion of the second year of probation monitoring, that an additional year of probation monitoring is required, respondent agrees in advance to that condition. If at the conclusion of the first year of probation the ODC determines that further probation is unnecessary, the ODC may notify respondent and the probation monitor of that fact, and the probation monitor may satisfactorily terminate the probation if he concurs.
B. Respondent shall submit to whatever medical treatment is deemed appropriate by her treating physician and take all medications as prescribed by her physician. She will execute a waiver in favor of the ODC permitting her treating physician to provide the ODC with quarterly reports on respondent’s condition and treatment. Respondent shall pay her physician’s fees for the preparation and rendering of said quarterly reports. Any failure of respondent to do so will be a violation of her probation. Any failure of respondent to timely request said quarterly report from the physician shall be considered a violation of respondent’s probation. In the event that ODC has to subpoena respondent and/or her physician to obtain a report, respondent agrees to immediately pay all costs attendant thereto. Her failure to do so shall constitute a violation of her probation.
C. Respondent may participate in hearings on motions, rules and any other preliminary court proceedings. She may assist lead counsel at trials on the merits during the period of probation, but she shall not participate as lead counsel in any trials, nor shall she appear at trial unaccompanied by lead counsel.
D. Each individual case respondent retains shall be by either a contingency fee contract or an engagement letter. If the engagement is on an hourly basis, then time records shall be completed.
E. Respondent’s probation monitor shall submit a report to the ODC on a quarterly basis outlining the client names and descriptions of any new cases undertaken, including the names of lead counsel in any cases which went to trial.
F. Respondent shall continue to comply with the mandatory continuing legal education requirements of the Louisiana State Bar Association.
G. Respondent shall pay all costs of these disciplinary proceedings.
*1161 H. Respondent shall provide full and com-píete cooperation to the ODC.