ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from a joint motion to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) and respondent, Linda Marie Meyer, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Respondent was the subject of prior disciplinary proceedings in In re: Meyer, 03-1960 (La.9/26/03), 856 So.2d 1158 (“Meyer I”), which involved her failure to adequately protect the interests of third parties in settlement funds she received and *771 her failure to timely return client property at the conclusion of the representation. Prior to the filing of formal charges, respondent submitted a petition for consent discipline proposing that she be suspended from the practice of law for one year and one day, fully deferred, subject to a two-year period of supervised probation with conditions. The ODC concurred in the petition, and the disciplinary board recommended the proposed discipline be accepted. On September 26, 2003, this court accepted the petition for consent discipline and imposed a suspension of one year and one day. The suspension was deferred in its entirety subject to respondent’s completion of a two-year period of probation governed by the conditions set forth in the petition for consent discipline.
| JOINT MOTION TO REVOKE PROBATION
The ODC is currently investigating two complaints against respondent involving misconduct similar to that which resulted in the consent discipline, i.e., failure to act with diligence, improper and inadequate bookkeeping and trust account record keeping, and instances where the balance of respondent’s trust account dropped below the amount held on behalf of her clients. In both cases, respondent’s misconduct commenced while the consent discipline in Meyer I was pending.
On June 24, 2004, respondent and the ODC filed a joint motion to revoke respondent’s probation. Respondent and the ODC have stipulated that the misconduct as set forth above “appears to be similar to the misconduct which resulted in Ms. Meyer’s being placed on probation, except that the new misconduct involves the additional element of negligent conversion of client’s funds. This misconduct violates the terms of her probation.” Moreover, the parties have stipulated that respondent has not “adequately addressed the underlying problems, including both record keeping/financial records deficiencies. Accordingly, it is inappropriate for her to continue on probation.”
The ODC contends that a revocation of probation and imposition of the one year and one day suspension is appropriate under these circumstances. The ODC suggests that given the proximity of the misconduct to the prior violations, no additional proceeding (over and above the revocation of probation and the imposition of the previously deferred suspension) is necessary. The ODC further suggests, and respondent acknowledges, that the resolution of the underlying problems can be adequately addressed if and when respondent applies for and is granted reinstatement following her suspension, at which time “appropriate supervision and other conditions may be required to address the underlying problems.”
| aAccordingly, the parties jointly move the court to revoke respondent’s probation and order that the previously deferred one year and one day suspension be made immediately executory.
DISCUSSION
The information submitted in the joint motion supports the conclusion that respondent failed to comply with the conditions of her probation in Meyer I and has committed additional violations of the Rules of Professional Conduct. Under such circumstances, it is appropriate to revoke respondent’s probation and make the previously deferred one year and one day suspension executory.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred one year and one day suspension imposed in In re: Meyer, 03-1960 *772 (La.9/26/03), 856 So.2d 1158, is hereby made executory. All costs and expenses in the matter are assessed against respondent, Linda Marie Meyer, Louisiana Bar Roll number 19060, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.