ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from a rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, George Edward Lucas, Jr., an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Respondent was the subject of prior disciplinary proceedings in In re: Lucas, 02-1624 (La.8/30/02), 825 So.2d 1090 (“Lucas I ”), which involved his failure to safeguard funds belonging to clients and third parties, stemming largely from inadequate office accounting procedures. Prior to the filing of formal charges, respondent sub *516 mitted a petition for consent discipline proposing that he be suspended from the practice of law for two years, fully deferred, subject to a two-year period of supervised probation with conditions. The ODC concurred in the petition, and the disciplinary board recommended the proposed discipline be accepted. On August 30, 2002, we accepted the petition for consent discipline and imposed a suspension of two years. The suspension was deferred in its entirety subject to respondent’s completion of a two-year period of probation governed by specified conditions, including the following:
(p Respondent will consult with Gilsbar Loss Avoidance Counsel to obtain advice for setting up proper bookkeeping procedures for the handling of | ¡.his financial accounts, books, and, in particular, his trust account.
(2) Respondent will retain, at his own expense, a certified public accountant who will assist in setting up the bookkeeping system, particularly for respondent’s trust account, and will audit or review respondent’s trust account for compliance with the Rules of Professional Conduct and make a quarterly report to both the ODC and respondent’s probation monitor.
On October 30, 2002, the disciplinary board appointed Monroe attorney Thomas M. Hayes, III as respondent’s probation monitor. Respondent’s probation plan was executed in December 2002, which called for respondent to engage a CPA to review his trust account and certify on a quarterly basis that the account was in order. In April 2003, July 2003, and February 2004,[1] Mr. Hayes reported to the ODC that respondent was satisfying the conditions of his probation. However, in June 2004, Mr. Hayes reported that respondent was no longer cooperating with him and that he had failed to provide the requisite trust account reports, despite numerous requests.
DISCIPLINARY PROCEEDINGS

Rule to Revoke Probation

On June 7, 2004, the ODC filed a rule to revoke respondent’s probation. In addition to respondent’s failure to cooperate with his probation monitor, the ODC also premised its rule on respondent’s failure to cooperate in the investigation of a newly filed complaint. The ODC prayed for revocation of respondent’s probation and the imposition of the previously deferred two-year suspension.

\RDisciplinary Board Recommendation

A hearing was conducted before an adjudicative panel of the disciplinary board on June 23, 2004. The ODC submitted documentary evidence in support of its case, and called Mr. Hayes and two other witnesses to testify by telephone. Despite notice, respondent did not appear at the hearing.[2]
After considering the evidence presented, the board made factual findings, including the following:
*517 1. Respondent has been given notice pursuant to Rule XIX of the revocation of probation proceedings and has failed to respond or appear;
2. Respondent has failed to provide a quarterly trust account report from a certified public account for March 2004; and
3. Respondent has failed to provide his probation monitor with access to his trust account information on a monthly basis.
Based on these factual findings, the board concluded that respondent is in violation of his probation and that he poses a serious danger to the public. As a matter of law, respondent’s failure to satisfy the conditions of his probation warrants the revocation thereof and his suspension from the practice of law for two years.
Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
RDISCUSSION
The record supports the disciplinary board’s conclusion that respondent failed to comply with the conditions of his probation in Lucas I. Respondent signed a formal probation plan in December 2002. As part of the plan, respondent agreed to allow his probation monitor, Thomas Hayes, monthly access to his trust account records and provide quarterly CPA reports to Mr. Hayes pertaining to his trust account. However, the last such report Mr. Hayes received was dated February 17, 2004. Mr. Hayes subsequently attempted to contact respondent by telephone and in person, but to no avail.
Under these circumstances, we must conclude that respondent failed to comply with the terms of his probation.[3] Accordingly, we will revoke his probation and make the previously deferred two-year suspension executory.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred twofyear suspension imposed in In re: Lucas, 02-1624 (La.8/30/02), 825 So.2d 1090, is hereby made immediately executory. All costs and expenses in the matter are assessed against respondent, George Edward Lucas, Jr., Louisiana Bar Roll number 19689, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In October 2003, Mr. Hayes reported that respondent had been ill for some time, and that they had been unable to meet. However, Mr. Hayes noted that it otherwise appeared respondent was satisfying the conditions of his probation.

. On June 22, 2004, respondent faxed to the disciplinary board a motion seeking a continuance of the revocation hearing, on the ground that he had a conflict with the hearing date. Specifically, respondent asserted that he was scheduled to appear in court in the matter entitled Liberal Loans of Louisiana, Inc. v. John Thomas Stevens, Number 2003CV03190 on the docket of the Monroe City Court, and that he "cannot leave his client unrepresented in this matter.” However, upon contacting the clerk of the Monroe City Court, the board administrator's office was informed that respondent was not listed as counsel of record but was a co-defendant *517 in the suit. Accordingly, respondent's motion for a continuance was denied.

. Respondent's failure to comply with the conditions of his probation clearly constitutes a sufficient ground upon which to revoke probation. As such, we do not believe it is necessary to decide whether respondent engaged in additional instances of professional misconduct, as alleged in the newly filed complaints of Dennis V. Yacobozzi, II and Mickey Osborn. Rather, it would appear the ODC should continue its investigation in those matters and thereafter file formal charges, if appropriate.