ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This attorney disciplinary matter arises from a petition for consent discipline filed by respondent, Rudolph Estess, Jr., an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
According to the stipulation of facts entered into by respondent and the Office of Disciplinary Counsel (“ODC”), respondent was admitted to the bar in 1987 and began practicing with his father-in-law. His father-in-law died in 1992, and respondent worked as a solo practitioner, primarily doing oil and gas law.
Also in 1992, respondent was diagnosed with attention deficit hyperactivity disorder. His treating neurologist placed him on Dexedrine, which he took for approximately one year. As a result of the medication, respondent had difficulty sleeping, lost weight and exhibited bizarre behavior, including engaging in compulsive gambling and binge drinking.
Around the same time he was placed on the medication, respondent received a large settlement on a case and deposited the funds into his client trust account. He correctly paid the clients out of the account, but left his attorney fee of $190,000 in the trust account, writing checks out of the trust account for gambling and personal necessities. However, at no time did the personal disbursements exceed the personal funds in the account, and it was undisputed that respondent did not spend any client funds for his personal purposes.
DISCIPLINARY PROCEEDINGS
After becoming aware of the facts, the ODC commenced an investigation. Prior to the institution of formal charges, respondent filed a petition for consent discipline and affidavit in ^support, wherein he acknowledged he violated Rule 1.15 of the Rules of Professional Conduct through his commingling of personal funds into his client trust account. As a sanction, respondent proposed he be suspended from the practice of law for a period of one year, with nine months deferred, followed by a two year period of supervised probation subject to conditions.[1]
*94 The ODC concurred in the petition for consent discipline. Relying on the ABA Standards for Imposing Lawyer Sanctions [2] and considering the mitigating and aggravating factors[3], the ODC concluded the requested discipline was appropriate.
Pursuant to Supreme Court Rule XIX, § 20, the tendered admission was submitted to the disciplinary board.

Disciplinary Board Recommendation

After considering the facts, the disciplinary board recommended that the petition for |3consent discipline be approved by this court. However, in light of the petitioner’s substance abuse and gambling problems, the board further recommended the additional probationary condition that respondent be assigned a monitor from the Lawyer’s Assistance Program of the Louisiana State Bar Association.
Neither respondent nor the ODC have filed objections in this court to the board’s recommendation.
DISCUSSION
Based upon our review of the record, we find the proposed consent discipline is appropriate under the facts. It is undisputed that respondent commingled personal funds with client funds in his client trust account. Although respondent did not convert any client funds to his personal use, there was potential that such conversion could have occurred, justifying some actual period of suspension. In addition to the suspension, the proposed probationary period and conditions, as modified by the disciplinary board, will serve to protect the public.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendations of the disciplinary board, the petition for consent discipline and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.
Accordingly, it is ordered that respondent, Rudolph Estess, Jr., be suspended from the practice of law for a period of one year, with nine months of this suspension deferred, followed by a two year period of probation with the conditions proposed by the disciplinary board. All proceeding costs are assessed against respondent with legal interest to commence running thirty days from the finality of the court’s judgment until paid.
CALOGERO, C.J., concurs and assigns reasons.

 Kimball, J. not on panel. Rule IV, Part 2, § 3.

. The conditions were as follows:
(1)A probation monitor shall be appointed to periodically oversee respondent’s trust and operating bank accounts. The practice monitor will give quarterly progress reports on all aspects of the probation; (2) Respondent shall properly maintain his client trust account;
(3) Respondent shall not engage in activities involving gambling;
(4) Respondent shall not consume any alcohol;
*94 (5) Respondent shall continue to be treated by his current clinical psychologist or another qualified individual;
(6) Respondent shall remain current in obligations to the profession including Louisiana State Bar Association dues, disciplinary assessments and mandatory continuing legal education;
(7) Respondent shall attend a law office management seminar, if one is available during the course of the probation;
(8) Respondent shall not engage in any other misconduct in violation of the Rules of Professional Conduct; and
(9) Respondent shall fully cooperate in any future disciplinary investigations.

. ABA Standard 4.12 provides "suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes ... potential injury to a client.” Standard 7.2 states suspension is appropriate "when a lawyer engages in conduct that is a violation of a duty owed to the profession.”

. The ODC noted pattern of misconduct as the only aggravating factor. As to mitigating factors, it recognized absence of selfish motive, personal and emotional problems, cooperation with the ODC and remorse.