ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This disciplinary matter arises from a petition for consent discipline filed by respondent, Ted D. Hernandez, prior to the institution of formal charges. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS[1]
The ODC commenced an investigation of respondent’s handling of his client trust account upon the receipt of an anonymous complaint from “Susie Q,” later identified as respondent’s former wife. The complaint included eleven checks drawn on respondent’s trust account in 1997 and alleged that respondent commingled client and personal funds in the account. The ODC’s investigation subsequently revealed that three of the checks represented legitimate transactions in connection with cases handled by respondent, and that four checks were written by respondent on behalf of his son.[2] The remaining four checks, totaling $130, were written for respondent’s | ¡^personal benefit from legal fees that he had previously earned but which he retained in the trust account. Respondent and the ODC jointly stipulate that no evidence exists of any conversion of client funds. However, respondent admits that the manner in which he handled his client trust account is in violation of Rule 1.15 of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
Prior to the institution of formal charges, respondent filed a petition for consent discipline. He proposed that he be suspended from the practice of law for six months, deferred, subject to a one-year period of supervised probation with the following conditions:
A. Regular audits of respondent’s IOLTA account during the period of probation to be performed by a CPA of respondent’s choosing to be *331 submitted quarterly to the Office of Disciplinary Counsel;
B. Respondent agrees that at least three hours of his mandatory CLE requirements shall be obtained in the area of law office practice/client trust account management; and
C. Respondent further agrees that any subsequent disciplinary complaints with alleged offenses arising during the probationary period are to be treated in a summary fashion by the Office of Disciplinary Counsel as probation violation matters.
The ODC concurred in respondent’s petition, noting that “the particulars related to the respondent’s conduct as recited in the Petition for Consent Discipline ... are in agreement in every significant respect and detail with facts developed by Disciplinary Counsel as a result of its own investigation into this matter.”

Disciplinary Board Recommendation

The disciplinary board found that respondent violated duties owed to the legal system, and that he acted knowingly and negligently. The board also found there was no actual harm to respondent’s clients, in that the record contains no allegations or evidence of conversion, but that respondent simply did not remove his fees from the trust account once they were earned. The board concluded that by using his trust account as an operating account, respondent violated Rule 1.15 of the Rules of Professional Conduct.
The board noted the existence of only one aggravating factor, namely substantial experience in the practice of law (admitted 1985). Mitigating factors include the absence of a prior disciplinary record, lack of dishonest or selfish motive, cooperative attitude toward the disciplinary proceedings, and remorse.
Relying on the ABA’s Standards for Imposing Lawyer Sanctions[3] and this court’s opinion in In re: Estess, 98-2741 (La.1/8/99), 740 So.2d 93, the board concluded the proposed consent discipline appropriately addresses respondent’s misconduct. Accordingly, the board recommended respondent be suspended from the practice of law for six months, deferred, subject to one year of supervised probation with the conditions proposed in the petition for consent discipline.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Respondent has admitted to mishandling his trust account in violation of Rule 1.15 of the Rules of Professional Conduct. However, it is undisputed that there is no ^evidence of conversion of client funds, nor is there any evidence respondent’s conduct caused any harm to his clients. Under these circumstances, and in light of the fact that respondent has consented to discipline, we conclude the proposed fully deferred suspension is appropriate.[4] Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Ted D. Hernandez be sus *332 pended from the practice of law for six months. This suspension shall be deferred, subject to a one-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. No underlying facts were presented in the petition for consent discipline initially filed by the parties. As a result, we ordered the record be supplemented with a joint stipulation setting forth the specific facts of respondent’s misconduct. In future cases where the underlying facts are not readily apparent from the petition for consent discipline, we strongly encourage the ODC to enter into a joint stipulation with the attorney setting forth the specific facts of the matter. Such facts are necessary for the disciplinary board and this court to make a meaningful determination whether the proposed discipline is appropriate.

. Respondent's son gave his payroll check to respondent; respondent deposited the check into his client trust account and then wrote four checks totaling $315.24 on his son’s behalf.

. Under Standard 4.12, suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes potential injury to a client.

. Because the sanction in consent discipline proceedings is arrived at by mutual agreement between respondent and the ODC, and is not necessarily the sanction this court would impose under the facts, it has limited precedential value in future cases. While this court has rejected sanctions in consent discipline proceedings which are too lenient, we have sometimes accepted sanctions in such proceedings which arguably could be considered too harsh because the parties have agreed to the sanction. See In re: Estess, 98-2741 (La.1/8/99), 740 So.2d 93 (Calogero, C.J., concurring).