*323 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary proceeding arises from a petition for consent discipline filed by Michel P. Wilty, an attorney licensed to practice law in the State of Louisiana, but currently on interim suspension. The Office of Disciplinary Counsel (“ODC”) concurred in the petition, and the disciplinary board recommended it be accepted. For the reasons assigned, we now accept the petition for consent discipline and disbar respondent from the practice of law in this state.
UNDERLYING FACTS
This proceeding involves four separate instances of misconduct. The facts are not in dispute, having been stipulated to by the parties.

Faulk Matter

Jessica Lee Faulk retained respondent in April 1999 to represent her in connection with a claim for damages and injuries arising out of a defective mobile home. Ms. Faulk subsequently filed a complaint with the ODC, alleging that after being retained, respondent failed to communicate with her or take any action in the case. The ODC sent respondent a copy of the complaint by certified mail in June 2000. He failed to respond to this request and other requests for information from the ODC, requiring the ODC to issue a subpoena for his appearance.

\?Slay Matter

Respondent represented Bill Slay in a personal injury matter. Shortly after Mr. Slay received a settlement in the ease, respondent came to his home and asked Mr. Slay to loan him $2,000. The loan was made without the issuance of a promissory note, interest rate, or security. Respondent later acknowledged that the terms of the loan were “unreasonable, unfair, and not in the best interest of the client.” Additionally, respondent admitted he did not advise Mr. Slay to seek review of the arrangement by outside counsel, nor did he obtain a written waiver of conflict from Mr. Slay.
After Mr. Slay filed his complaint, the ODC sent notice of the complaint to respondent. Respondent failed to reply, requiring the ODC to serve him with a subpoena.

Scarlett Matter

In July 1999, William Bradley Scarlett hired respondent to represent him in connection with an offshore personal injury *324 matter. After September 1999, respondent failed to communicate with Mr. Scar-lett, and made no effort to move the case along in any meaningful manner. As a result, Mr. Scarlett filed a complaint with the ODC.
The ODC sent a copy of the complaint to respondent. He refused to respond, requiring the ODC to issue a subpoena compelling him to appear for a deposition. Respondent ultimately appeared and provided sworn testimony. Respondent admitted that he had taken little or no action in the prosecution of Mr. Scarlett’s case. Upon review of respondent’s case file in the Scarlett matter, the ODC found notice of intent by the federal court to dismiss the matter on the basis of neglect and delay. There was | salso correspondence in the file indicating that opposing counsel had made repeated efforts to contact respondent, but was unable to do so.

Unauthorized Practice of Law

In the course of investigating the Faulk, Slay, and Scarlett matters, the ODC learned that respondent had been engaging in the practice of law while he was ineligible to do so. The ODC determined respondent was declared ineligible to practice effective August 1, 1999 for failure to comply with his mandatory continuing legal education requirements. He was also declared ineligible on September 3, 1999 for failure to pay his bar dues and disciplinary assessment. In his sworn statement, respondent acknowledged that he engaged in the practice of law throughout the period of his ineligibility. The ODC also determined respondent failed to keep his registration address current on the bar rolls, as required by the rules of this court.
DISCIPLINARY PROCEEDINGS

Formal Charges/Petition for Consent Discipline

After investigation, the ODC filed four counts of formal charges against respondent. The charges alleged respondent violated the following provisions of the Rules of Professional Conduct: Rule 1.3 (failure to act with reasonable diligence and promptness in the representation of a client); Rule 1.4(a) (failure to keep a client reasonably informed of a matter and promptly comply with reasonable requests for information); Rule 1.8(a) (knowingly entering into a business transaction with a client on terms which are inherently unfair and unreasonable); Rule 5.5(a) (engaging in the unauthorized practice of law); Rule 8.1(c) (failing to cooperate with the ODC in its investigation); Rule 8.4(a) (violating the Rules of Professional Conduct); and Rule 8.4(g) (failing to cooperate with the ODC in its investigation). The charges also 1¿alleged respondent violated Supreme Court Rule XIX, § 8(c) by failing to keep his registration address current.
Respondent filed an answer to the formal charges, in which he generally denied the allegations, and the matter was set for formal hearing. Prior to the hearing, however, respondent and the ODC filed a joint motion for interim suspension in this court. This court granted the motion and placed respondent on interim suspension effective May 9, 2001. In re Witty, 01-1306 (La.5/9/01), 789 So.2d 564.
Approximately one month later, respondent filed a petition for consent discipline, in which he acknowledged the allegations of the formal charges and requested that he be disbarred. The ODC concurred in the petition for consent discipline. Pursuant to Supreme Court Rule XIX, § 20, the hearing on the formal charges was canceled and the petition was submitted to the disciplinary board for its consideration.

Disciplinary Board Recommendation

Citing In re Lieberman, 95-2628 (La.6/7/96), 675 So.2d 272, the disciplinary *325 board recognized that in light of respondent’s admissions, it must accept that he violated the rules as charged. Therefore, it found the sole issue before it was whether the proposed sanction was appropriate.
In determining the appropriateness of the sanction, the board looked to the four factors set forth in Supreme Court Rule XIX, § 10(C).[1] The board found respondent | Bknowingly and intentionally violated duties to his clients, the public, the legal system, and the legal profession. It concluded that respondent’s neglect of the legal matters of Ms. Faulk and Mr. Scar-lett created the potential for serious injury to these clients. Likewise, it observed respondent’s decision to enter into a prohibited loan transaction with Mr. Slay exposed that client to potential injury. Finally, the board found the legal profession as a whole was harmed by respondent’s unauthorized practice of law during the period of his ineligibility.
The board noted that the petition for consent discipline did not identify any aggravating or mitigating factors. Based on the record, the board found two aggravar ting factors: pattern of misconduct and multiple offenses. It found no mitigating factors.
The board concluded that the proposed sanction of disbarment was consistent with Standard 7.1 of the ABA’s Standards for Imposing Lawyer Sanctions,[2] and was supported by jurisprudence from this court.[3] Therefore, the board recommended the petition for consent discipline be accepted and that respondent be disbarred.
(1) whether the lawyer has violated a duty owed to a client, to the public, to the legal system, or to the profession;
(2) whether the lawyer acted intentionally, knowingly, or negligently;
(3) the amount of the actual or potential injury caused by the lawyer's misconduct; and
(4) the existence of any aggravating or mitigating factors.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject | ato review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The misconduct in this case, as admitted by respondent, involves neglect of client matters, failure to communicate with clients, entering into a prohibited business *326 transaction with a client, the unauthorized practice of law, and failure to cooperate with the ODC. The record does not disclose whether any clients suffered actual injury as a result of respondent’s misconduct, but there was clear potential for injury due to his actions.
The disciplinary board identified two aggravating factors from the record, a pattern of misconduct and multiple offenses. In addition to those aggravating factors, we also recognize respondent’s substantial experience in the practice of law, as he was admitted to the bar in 1985. We are unable to discern any mitigating factors from the record.
Based upon our review of the record, we conclude that the proposed sanction of disbarment, while on the higher end of the range of discipline imposed under similar facts, is not inappropriate in this case.[4] Accordingly, we will accept the petition for consent discipline and disbar respondent.
| .DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the petition for consent discipline be accepted. Accordingly, it is ordered that the name of Michel P. Wilty be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. Supreme Court Rule XIX, § 10(C) sets forth the following factors for consideration in imposing sanctions:

. Standard 7.1 provides that disbarment is generally appropriate "when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.”

.In support, the board cited In re Wyche, 00-0029 (La.3/31/00), 756 So.2d 311 (three-year suspension imposed on attorney who practiced law while he was ineligible, neglected a legal matter, failed to communicate with his client, and failed to cooperate with the ODC); and In re Richard, 00-1418 (La.8/31/00), 767 So.2d 36 (attorney disbarred for engaging in the unauthorized practice of law while ineligible).

. Because the sanction in consent discipline proceedings is arrived at by mutual agreement between respondent and the ODC, and is not necessarily the sanction this court would impose under the facts, it has limited precedential value in future cases. In re Boudreau, 00-3158 (La. 1/5/01), 776 So.2d 428. While this court has rejected sanctions in consent discipline proceedings which are too lenient, we have sometimes accepted sanctions which arguably could be considered too harsh, based on the fact that the parties have agreed to the sanction. See In re Hernandez, 00-1283 (La. 10/6/00), 770 So.2d 330; In re Estess, 98-2741 (La. 1/8/99), 740 So.2d 93 (Calogero, C.J., concurring).