ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.
This disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Antoine Z. Laurent, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS

Stipulated Facts

Respondent has a small legal practice consisting primarily of uncontested domestic matters and criminal misdemeanors. Due to the nature of his practice, respondent does not have a substantial amount of *431 funds in his client trust account at most times, often failing to satisfy the minimum account balance required by his financial institution.[1] As a result, respondent began keeping the legal fees he earned from completed personal injury cases he handled in his client trust account so as to avoid payment of bank penalties and service charges. Respondent routinely wrote checks on his client trust account to satisfy his office expenses (i.e., monthly bills, staff salaries) and personal debts. He also utilized the account to make monetary advances to clients and satisfy litigation expenses prior to the settlement of the respective clients’ cases.
pin the course of investigating an unrelated disciplinary complaint filed by one of respondent’s former clients, the ODC first became aware of respondent’s misuse of his trust account. Although the disciplinary complaint was ultimately dismissed, the ODC continued to investigate respondent’s financial transactions and requested additional information from respondent regarding his financial records. He did not respond, believing the request related to the disciplinary complaint which had already been dismissed. The ODC then issued a subpoena to respondent to compel his appearance and production of documents at a scheduled deposition. Respondent neglected to comply with the subpoena.[2]
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed one count of formal charges against respondent alleging violations of Rules 1.15 (commingling of client funds — failure to safekeep client property), 8.1(c) (failure to cooperate with the ODC in its investigation) and 8.4(g) (failure to cooperate with the ODC) of the Rules of Professional Conduct. Respondent filed an answer admitting he commingled client funds, but denied it was willful and to the detriment of his clients. Additionally, he denied that he failed to cooperate with the ODC.

Recommendation of the Hearing Committee

The parties stipulated to the facts and a hearing was conducted exclusively for the purpose of presenting mitigating evidence. Relying on the stipulations of facts and the documentary evidence, the hearing committee determined the ODC proved by Pelear and convincing evidence that respondent violated Rule 1.15 by commingling client funds and violated Rules 8.1(c) and 8.4(g) by failing to cooperate with the ODC in its disciplinary investigation.
In determining an appropriate sanction, the committee determined the baseline sanction for respondent’s misconduct under Standards 4.12 and 7.2 of the ABA’s Standards for Imposing Lawyer Sanctions[3] was a suspension. The committee *432 also relied on the case of In re: Estess, 98-2741 (La.1/8/99), 740 So.2d 93 (one year suspension, with nine months deferred, subject to a two year period of supervised probation with conditions imposed by consent on an attorney who kept a $190,000 legal fee in his trust account and began writing checks out of the account for his gambling and personal necessities, but did not convert any client funds to his own use).
As aggravating factors, it noted a pattern of misconduct and the obstruction of the disciplinary process through his failure to cooperate. In mitigation, it recognized lack of client harm, and respondent’s forthrightness and lack of prior disciplinary record. It declined to accept in mitigation respondent’s assertion that he engaged in commingling so as to prevent paying bank penalties or charges due to insufficient account balances, but did find respondent was truly remorseful for his actions and there was no evidence of an adverse impact on respondent’s clients.
Based on these findings, the committee recommended respondent be suspended from the practice of law for a period of six months, fully deferred, subject to a two year period of probation. As conditions to probation, the committee proposed that [¿respondent’s practice be reviewed and monitored by a certified public accountant who would periodically report on his findings. Additionally, it recommended respondent complete fifteen additional hours of continuing legal education in the area of client trust accounts.
The ODC filed an objection to the leniency of the proposed sanction.

Recommendation of the Disciplinary Board

The disciplinary board adopted the factual findings of the hearing committee as its own. It also concurred in the committee’s proposed sanction, finding a fully deferred six-month suspension subject to a two year probation is “generally appropriate.” However, rather than completing fifteen hours of continuing legal education related exclusively to the handling of client trust accounts, the board suggested it would be beneficial for respondent to fulfill some of these requirements by attending seminars related to small firm management, trust accounting and/or ethics.
The ODC filed a timely objection to the leniency of the disciplinary board’s proposed sanction. As a result, the court docketed the matter for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G)(1)(b).
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the | shearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Respondent has stipulated to the facts. These facts establish that he has commingled his personal funds with client *433 funds in violation of Rule 1.15 and failed to cooperate with the ODC, in violation of Rules 8.1(c) and 8.4(g). Accordingly, we now turn to a discussion of the appropriate sanction.
The purpose of disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain the appropriate standards of professional conduct, to preserve the integrity of the legal profession and to deter other lawyers from engaging in violations of the standards of the profession. In re: Vaughan, 00-1892 (La.10/27/00), 772 So.2d 87; In re: Lain, 00-0148 (La.5/26/00), 760 So.2d 1152. The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. In re: Redd, 95-1472 (La.9/15/95), 660 So.2d 839.
Commingling is a serious professional offense. In similar cases, this court has imposed sanctions ranging from a minimal period of actual suspension to a lengthy period of conditional probation. See In re: Estess, 98-2741 (La.1/8/99), 740 So.2d 93; In re: Crooks, 00-1359 (La.6/23/00), 762 So.2d 1077; In re: Hernandez, 00-1283 (La.10/6/00), 770 So.2d 330.
As aggravating factors, we recognize a pattern of misconduct and the obstruction of the disciplinary process through his failure to cooperate. In mitigation, we find lack of actual client harm, lack of prior disciplinary record and remorse.
Taken as a whole, the record suggests respondent’s misconduct resulted from improper practice management skills rather than any intentional or selfish motive. While this finding in no way excuses respondent’s action, it will serve to ameliorate | fithe harshness of the sanction. Under these circumstances, a fully deferred suspension is appropriate.[4]
Accordingly, we will suspend respondent from the practice of law for a period of six months. The suspension will be fully deferred, subject to a two year period of probation with the following conditions:
1. Respondent shall maintain his trust account in accordance with the Rules of Professional Conduct;
2. Respondent shall make his operating and client trust account financial records subject to review by the ODC on a quarterly basis;
3. In addition to his ordinary requirement of fifteen hours of mandatory continuing legal education, respondent shall complete an addition fifteen hours of continuing legal education annually by attending the Louisiana State Bar Association’s Ethics School, a Solo Practitioners and Small Firms seminar, or other seminars which provide education in the area of the maintenance of client trust accounts and shall provide proof of attendance to the ODC.
4. Any violation of these conditions or other misconduct during the probationary period shall be grounds to make the deferred portion of the suspension executory and/or imposition of additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and *434 disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Antoine Z. Laurent be suspended from the practice of law in Louisiana for a period of six months. This suspension shall be deferred in full and respondent shall be placed on probation for a period of two years, subject to the conditions set forth in |7this opinion. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

. According to respondent, , the Louisiana State Bar Association advised him the account was not subject to the IOLTA requirements due to the nominal amount held in escrow on a monthly basis. Presumably, respondent ordinarily maintains in his trust account an amount which would draw less than $50 per month in interest. See Paragraph 3 of the IOLTA Rules.

. This was actually the second occasion the ODC had to issue a subpoena mandating respondent's cooperation. Previously, respondent had neglected to respond to the ODC's written requests that he file an answer to the original disciplinary complaint.

.The hearing committee cited to Standard 4.12, which provides suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client. Additionally, the committee erroneously cited to Standard 7.12. It obviously intended to cite Standard 7.2, which states suspension is generally appropriate when a *432 lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system.

. The ODC urges us to impose an actual period of suspension, suggesting that an actual conversion may have taken place in this case, but that it was unable to make this determination because of respondent’s poor record keeping. However, the formal charges do not allege respondent failed to maintain proper financial records as required by Rule 1.15(a). In the absence of such allegations, we will not deal in speculation.