ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, Chester John Caskey, Jr., an attorney licensed to practice law in Louisiana. For his misconduct, respondent proposed that he be suspended from the practice of law for six months, fully deferred, subject to a one-year period of supervised probation with conditions. The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed discipline be accepted.
UNDERLYING FACTS
Respondent retained attorney’s fees in his client trust account for a period of several months in 1997 and 1998, thereby commingling his funds with those of his clients. Respondent’s trust account records for that time period reveal no evidence of any conversion of client funds.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Prior to the institution of formal charges, respondent filed a petition for consent discipline, admitting his conduct violated Rule 1.15(a) (safekeeping property of clients or third persons) of the Louisi *227 ana Rules of Professional Conduct. For his | ¡/misconduct, respondent proposed that he be suspended from the practice of law for six months, fully deferred, subject to a one-year period of supervised probation with the condition that quarterly audits of his trust account are to be performed by a CPA during the period of probation. The ODC concurred in respondent’s petition for consent discipline.

Disciplinary Board Recommendation

The disciplinary board found that respondent’s conduct was negligent and violated a duty owed to his clients. Potential injury was present in that client funds were commingled with attorney’s fees, and withdrawals were made from the trust account. However, no actual injury is apparent from the record. The baseline sanction for such misconduct is a suspension from the practice of law.[1]
The board determined the sole aggravating factor present is substantial experience in the practice of law (admitted 1978). In mitigation, the board recognized the absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal problems, full and free disclosure to disciplinary counsel, and character or reputation. After reviewing the prior jurisprudence of this court dealing with misconduct similar to respondent’s,[2] the board determined the proposed consent discipline is appropriate. Accordingly, the board recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a one-{year3 period of supervised probation governed by the conditions set forth in the petition for consent discipline.
DISCUSSION
As the petition for consent discipline demonstrates, respondent has improperly handled his client trust account, in violation of Rule 1.15 of the Rules of Professional Conduct. However, it is undisputed that there is no evidence of conversion of client funds, nor is there any evidence respondent’s conduct caused any harm to his clients. Given these facts, and in light of the mitigating factors present, we conclude the proposed fully deferred suspension is appropriate.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Chester John Caskey, Louisiana Bar Roll number 3981, be suspended from the practice of law in Louisiana for a period of six months. It is further ordered that said suspension shall be fully deferred, subject to respondent’s successful completion of a one-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the *228 date of finality of this court’s judgment until paid.

. Standard 4.12 of the ABA's Standards for Imposing Lawyer Sanctions provides that suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

. Of particular note is In re: Hernandez, 00-1283 (La. 10/6/00), 770 So.2d 330, in which the lawyer was suspended for six months, fully deferred, for failing to remove legal fees from his client trust account.