PER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Vincent Ross Cicardo, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
The underlying facts of this matter are not disputed. On March 26, 2002, respondent, through counsel, reported to the ODC that he had periodically used funds in his client trust account for the operation of his law office. A subsequent audit of the trust account for the period January 1, 1997 through December 31, 2001 confirmed that respondent- withdrew funds from the account at times and in amounts not directly related to the conclusion of his cases. These withdrawals came from funds held in the trust account awaiting final determination of medical liens or sub-rogation claims, funds representing respondent’s attorney’s fees that had not been promptly withdrawn from the account, and from attorney’s fees deposited to the account that were not required to be so deposited. The audit revealed no instance in which a client or third party was underpaid, nor any unreasonable or unexplained delays in payments to clients and third parties.[1]
^During the period of time at issue, respondent was dependent upon and impaired by alcohol, a condition for which he subsequently sought and obtained rehabilitative treatment.[2] On February 26, 2002, respondent entered into a two-year recovery contract with the Lawyers Assistance Program (LAP).
DISCIPLINARY PROCEEDINGS
On March 27, 2003, the ODC filed one count of formal charges against respondent, alleging that his “rolling commingling and conversion” of client and third-party funds violated Rules 1.15(a) and (b) (safekeeping property of clients or third persons) and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct. Respondent filed an answer admitting the formal charges and rule violations, and requesting a hearing in mitigation.
At the hearing, the ODC introduced documentary evidence for the hearing committee’s consideration, including the audit report of respondent’s trust account activity and the sworn testimony of the certified public accountant who performed the audit. The witnesses who testified consisted of respondent, members of his family, representatives of the LAP, attorneys and judges who are long-time friends of respondent’s, and the licensed clinical social worker who has seen respondent for weekly after-care counseling sessions since his discharge from Palmetto. All of respon *982 dent’s witnesses testified favorably as to his character, competence, and sincere desire to overcome his alcoholism.
| %Hearing Committee Recommendation
The testimony presented at the hearing revealed that respondent’s misuse of his trust account funds began in early 1997, shortly after the death of his father, with whom respondent had been practicing law since his graduation from law school. The elder Mr. Cicardo had handled all the business aspects of the practice, including managing the trust account. Respondent’s misuse of the trust account continued for several years, but the hearing committee found there was no actual injury to any clients or third persons as a result.
The committee noted the personal, emotional, and financial problems that respondent experienced in the wake of his father’s death, including alcohol abuse and dependency, divorce, and bankruptcy. After several years, respondent finally came to realize that he had to change his way of life, and to do the right things for the right reasons, notwithstanding the consequences. Respondent admitted himself to a treatment facility, self-reported his misuse of his trust account to the ODC, fully cooperated with the ODC, including audits of his trust account with continuous monitoring thereafter, entered into a recovery agreement with LAP, attended Alcoholics Anonymous, and obtained counseling. The committee found respondent has satisfied all conditions imposed by those programs and by the ODC, and that he continues to do so, including operating his trust account correctly.
The committee further noted that respondent admitted his misconduct with respect to his trust account, admitted he knew his actions were inappropriate, admitted the potential injury that resulted from his actions, and accepted the blame and responsibility for his actions and the consequences. The committee commended respondent for his courage in doing the right thing for his clients, the public, the legal profession, and the legal system, and observed that respondent exhibited genuine | ¿remorse for his misconduct. The committee concluded that respondent has turned his life around and has once again become a contributing member of the profession.
Based on these factual findings, the committee determined that respondent knowingly violated duties owed to his clients, the public, and to the profession. Although no actual injury resulted from respondent’s misuse of his client trust account, the potential for injury was significant. The committee concluded the appropriate baseline sanction is a suspension from the practice of law.
In aggravation, the committee recognized respondent’s pattern of misconduct over a period of five years and his substantial experience in the practice of law (admitted 1984). As mitigating factors, the committee recognized the absence of a pri- or disciplinary record, absence of a dishonest or selfish motive, personal and emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, good character and reputation, alcohol dependency, interim rehabilitation, and remorse.
Under these circumstances, and particularly considering respondent’s self-reporting to and full cooperation with the ODC, as well as his voluntary interim treatment and contract with the LAP, the committee recommended that respondent be suspended from the practice of law for one year, fully deferred, subject to a two-year period of probation with conditions.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

*983
Disciplinary Board Recommendation

Respondent admitted in his answer to the formal charges that he violated Rules 1.15(a), 1.15(b), and 8.4(a) of the Rules of Professional Conduct. At the hearing, | ¡¿respondent admitted that his conduct was knowing and violated duties owed to his clients. The disciplinary board found that while there is no documented evidence of harm to any particular client or third persons, the potential for significant harm existed during the period of time in which respondent misused his client trust account.
The board generally concurred in the hearing committee’s assessment of the aggravating and mitigating factors. However, the board did not adopt the mitigating factor of alcohol dependency, given respondent’s admission that alcohol was not the cause of his misconduct. Rather, the board determined respondent’s alcohol abuse is more properly considered a personal or emotional problem, along with his divorce and bankruptcy.
Considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence, the board agreed that the baseline sanction for respondent’s “rolling commingling and conversion” of trust account funds is a suspension from the practice of law. In light of the weight of the mitigating factors present, the board found the fully deferred suspension recommended by the hearing committee is appropriate. Accordingly, the board recommended that respondent be suspended from the practice of law for one year, fully deferred, subject to a two-year period of probation governed by the following conditions:
1. Respondent will extend his current LAP contract through February 26, 2007, and he will comply fully with all conditions of the contract.
2. Respondent’s trust account will be audited semi-annually for a period of two years, for a total of four audits. The audits will be conducted by a certified public accountant selected or approved by the ODC, with the cost and expense of the audits to be paid by respondent.
|fi3. During his first year of probation, respondent will attend and successfully complete the Ethics School offered by the Louisiana State Bar Association’s Practice Assistance and Improvement Committee. During the second year of probation, respondent will attend eight additional hours of continuing legal education in the area of law practice management or the maintenance of client trust accounts, including any “trust accounting school” established by the Practice Assistance and Improvement Committee.
The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
In light of respondent’s stipulation to the underlying facts and rule violations, the sole issue presented for our consideration in this case is the appropriate sanction for his misconduct. In considering that issue, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the *984 standards of thé profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
|7Respondent has admitted that he mishandled his client trust account by keeping personal funds in the account, which he then borrowed from time to time to fund his operating account. Respondent’s misconduct was knowing but caused no actual harm to his clients or to third "parties; in fact, the ODC only learned of the misconduct because respondent self-reported it. In similar" cases, this court has imposed fully or partially deferred suspensions, coupled with probation. See In re: Caskey, 04-0168 (La.2/20/04), 866 So.2d 226 (fully deferred six-month suspension, subject to a one-year period of supervised probation with conditions); In f'e: Laurent, 02-2163 (La.1/14/03), 835 So.2d 430 (fully deferred six-month suspension, subject to a two-year period of supervised probation with conditions); In re: Hernandez, 00-1283 (La.10/6/00), 770 So.2d 330 (fully deferred six-month suspension, subject to a one-year period of supervised probation with conditions); In re: Crooks, 00-1359 (La.6/23/00), 762 So.2d 1077 (fully deferred one year and one day suspension, subject to a two-year period of supervised probation with conditions); In re: Estess, OS-2741 (La.1/8/99), 740 So.2d 93 (one-year suspension, with nine months deferred, subject to a two-year period of supervised probation with conditions). See also Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116 (La.1986).[3]
Considering this jurisprudence, the appropriate . sanction for respondent’s misconduct is clearly a short-term suspension from the practice of law. There are very substantial mitigating factors present in this case, including the absence of a prior ^disciplinary record, absence of a dishonest or selfish motive, personal and emotional problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, good character and reputation, and remorse. In-light of these factors, we agree that the fully deferred suspension • and probation recommended by the disciplinary board are appropriate.
Accordingly, We will suspend respondent from the practice of law for one year," fully deferred, subject to a two-year period of probation governed by the conditions set forth in the disciplinary board’s recommendation. .We caution respondent that any violation of the conditions of probation, or any other misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Vincent Ross *985 Cicardo, Louisiana Bar Roll number 14146, be suspended from the practice of law for a period of one year. It is further ordered that said suspension shall be fully deferred, subject to respondent’s successful completion of a two-year period of probation governed by the conditions set forth in the disciplinary board’s recommendation. Any violation of the conditions of probation, or any other misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
WEIMER, J., recused.

. The audit concluded that in several of respondent’s cases, he paid out too much money to a third party, and as a result, the trust account was shorted the funds. Furthermore, $218 in bank fees were erroneously charged to the account, and an overpayment of $100 to a medical provider was not charged to any case. As of December 31, 2001, there was a net shortfall in the trust account of $370.74, which has been repaid.

. On November 19, 2001, respondent voluntarily entered Palmetto Addiction Recovery Center in Rayville, Louisiana, where he remained until February 8, 2002. Respondent has been sober since the date of his admission to Palmetto.

. To the extent that any conversion of client funds resulted'from respondent's mishandling of his trust account, Hinrichs instructs that
A suspension from practice of one year or less will typically result where the negligence in withdrawing or retaining client funds is not gross or of a high degree. No other fraudulent acts are committed in connection with the violation of the disciplinary rule. There is no serious harm or threat of harm to the client. Full restitution is made promptly, usually before any legal proceeding or disciplinary complaint is made. See Louisiana State Bar Association v. Hopkins, 447 So.2d 464 (La.1984); Louisiana State Bar Association v. Adams, 368 So.2d 694 (La.1979).