*1124 ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM.
This disciplinary matter arises from a rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Antoine Z. Laurent, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Respondent was the subject of prior disciplinary proceedings in In re: Laurent, 02-2163 (La.1/14/03), 835 So.2d 430 (“Laurent I ”). The record of that matter established that respondent has a small law practice that is primarily confined to the handling of uncontested domestic matters and criminal misdemeanor cases. Due to the nature of his practice, respondent generally did not have a substantial amount of funds in his client trust account. In order to satisfy the minimum balance requirements of his financial institution, and to avoid the payment of bank penalties and service charges, respondent began keeping his earned legal fees in the client trust account. He routinely wrote checks on the account to pay office expenses and personal debts, and he used the account to make monetary advances to clients and to satisfy litigation expenses prior to the settlement of the respective clients’ cases.
Following the filing of formal charges in Laurent I, respondent stipulated that he commingled personal funds with client funds and failed to cooperate with the ODC in its investigation. Finding that respondent’s misconduct “resulted from improper [ 2practice management skills rather than any intentional or selfish motive,” this court imposed a suspension of six months, which was deferred in full subject to respondent’s completion of a two-year period of probation governed by the following specified conditions:
(1) Respondent shall maintain his trust account in accordance with the Rules of Professional Conduct;
(2) Respondent shall make his operating and client trust account financial records subject to review by the ODC on a quarterly basis;
(3) In addition to his ordinary requirement of fifteen hours of mandatory continuing legal education, respondent shall complete an additional fifteen hours of continuing legal education annually by attending the Louisiana State Bar Association’s Ethics School, a Solo Practitioners and Small Firms seminar, or other seminars which provide education in the area of the maintenance of client trust accounts, and shall provide proof of attendance to the ODC; and
(4) Any violation of these conditions or other misconduct during the probationary period shall be grounds to make the deferred portion of the suspension executory and/or imposition of additional discipline, as ap *1125 propriate.
On April 30, 2003, the disciplinary board appointed Harold E. Dearie, II to serve as respondent’s probation monitor. By letter to the disciplinary board dated June 18, 2003, Mr. Dearie requested that he be relieved of his duties, citing respondent’s failure to cooperate in the development of a probation plan. On August 4, 2003, the disciplinary board appointed Andre G. Coudrain to replace Mr. Dearie as respondent’s probation monitor.
In November 2003, respondent and Mr. Coudrain executed respondent’s probation plan. Among other provisions, the probation plan called for respondent to retain a CPA to audit and monitor his operating and trust accounts. On December 17, | s2003, Mr. Coudrain reported to the disciplinary board that respondent was not satisfying the conditions of his probation. Specifically, respondent did not engage a CPA, did not maintain accurate records concerning his trust account, did not provide Mr. Coudrain with any documentation concerning his operating account, and did not provide the ODC with any reports or documents in connection with his probation. Furthermore, Mr. Coudrain reported that respondent scheduled sufficient hours to meet the CLE requirement imposed as a condition of his probation, but none of the hours included small office practice management or client trust account issues.
On March 23, 2004, Mr. Coudrain reported to the disciplinary board that respondent had closed his law office but wanted to maintain his license to practice law. Mr. Coudrain also reported that respondent provided him with evidence of attendance at CLE seminars and provided bank records concerning his client trust account. However, respondent still had not spoken with a CPA to set up procedures for handling funds, and Mr. Coud-rain noted that respondent’s trust account records reflected withdrawals from the account “in certain amounts that are undocumented.”
By letter dated June 30, 2004, Mr. Coud-rain contacted respondent concerning his failure to schedule a third quarterly meeting during the month of June, as required by the probation plan. On August 23, 2004, Mr. Coudrain reported to the disciplinary board that respondent failed to reply to the June 30th letter.
DISCIPLINARY PROCEEDINGS

Rule to Revoke Probation

On October 15, 2004, the ODC filed a rule to revoke respondent’s probation. In addition to respondent’s failure to cooperate with his probation monitor, the ODC also premised its rule on respondent’s failure to cooperate in the investigation of a Rnewly filed complaint.[1] The ODC prayed for revocation of respondent’s probation and the imposition of the previously deferred six-month suspension.

Disciplinary Board Recommendation

A hearing was conducted before an adjudicative panel of the disciplinary board on October 28, 2004. Respondent appeared at the hearing and stipulated that the information contained in Mr. Coudrain’s various letters was accurate. Respondent also stated that he had no objection to the revocation of his probation.
After considering the evidence presented and respondent’s stipulations, the board made the following factual findings:
1. Respondent failed to respond to reasonable requests to schedule meetings with his probation monitor.
2. Respondent failed to adequately demonstrate that he has maintained his client trust account in accordance with the Rules of Professional Conduct.
*1126 3. Respondent failed to comply with the requirement that he obtain additional CLE credits as required by the terms of his probation.
4. Respondent failed to cooperate with the ODC in its investigation of a complaint filed against him.
Based on these factual findings, the board concluded that respondent is in violation of his probation. Accordingly, the board recommended that respondent’s probation be revoked and that he be suspended from the practice of law for six months.
| ¡¿DISCUSSION
Respondent has stipulated to the accuracy of the information provided by his probation monitor concerning his failure to comply with the conditions of probation in Laurent I. Respondent also failed to cooperate with the ODC in its investigation of a complaint filed against him during the period of his probation. These facts support the disciplinary board’s conclusion that the revocation of respondent’s probation is warranted. Therefore, we will revoke respondent’s probation and make the previously deferred six-month suspension executory.
In light of the continued need to monitor respondent’s practice, we further order that respondent’s reinstatement to the practice of law shall be subject to a two-year period of probation governed by the conditions (l)-(3) as enumerated in Laurent I. In the event respondent violates these conditions, the ODC shall file an immediate report in this court and may request that we place respondent on interim suspension, if appropriate.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred six-month suspension imposed in In re: Laurent, 02-2163 (La.1/14/03), 835 So.2d 430, is hereby made immediately executory. It is further ordered that upon his reinstatement to the practice of law, respondent shall be placed on probation for a period of two years, subject to the conditions set forth in this opinion. All costs and expenses in the matter are assessed against respondent, Antoine Z. Laurent, Louisiana Bar Roll number 8130, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On March 1, 2004, the ODC received a complaint against respondent filed by Lenora Knight. On March 10, 2004, and again on April 23, 2004, the ODC forwarded a copy of the complaint to respondent by certified mail. Respondent failed to reply to the complaint, necessitating the issuance of a subpoena compelling him to appear and answer the complaint under oath.