ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from a rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Johnnie A. Jones, Jr., an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
This matter originates from formal charges against respondent, alleging that he violated the Rules of Professional Conduct by accepting a settlement on behalf of his client after he had been discharged by the client. On October 21, 2003, we suspended respondent for a period of three months, but deferred that suspension in its entirety and placed respondent on supervised probation for two years. In re: Jones, 02-3131 (La.10/21/03), 859 So.2d 666 (hereinafter referred to as “Jones I ”).
In accordance with our order of probation in Jones I, the disciplinary board appointed Baton Rouge attorney John McLindon as respondent’s probation monitor on March 25, 2004. In October 2004, Mr. McLindon requested he be removed as respondent’s probation monitor due to the “bad blood” between respondent and the ODC, which prevented the parties from filing a mutually-agreeable probation plan.[1] He also indicated that he had difficulty in contacting respondent.
*215 |20n April 19, 2005, the disciplinary board removed Mr. McLindon and appointed Baton Rouge attorney Micheál Leslie Penn as respondent’s probation monitor. Ms. Penn attempted to make contact with respondent for several months, via letters and telephone calls, but was unsuccessful. On October 28, 2005, she informed the ODC of her inability to contact respondent and requested further guidance.
On November 14, 2005, the ODC filed a rule to revoke respondent’s probation, citing respondent’s failure to cooperate with his probation monitor.
DISCIPLINARY PROCEEDINGS
A hearing was conducted before an adjudicative panel of the disciplinary board. The ODC submitted documentary evidence in support of its case. Additionally, it called Mr. McLindon, Ms. Penn, and Kim Armato, appellate clerk of the disciplinary board, to testify before the panel. Despite notice, respondent did not appear at the hearing.[2]

Disciplinary Board Recommendation

After considering the evidence presented, the board found that respondent ceased cooperating with Mr. McLindon before the amended probation plan was executed and filed with the board.[3] Respondent failed to make any contact with Ms. | oPenn, despite her numerous attempts to contact him. He also failed to show a willingness to cooperate and comply with the terms of his probation. Based on these findings, the board found that respondent has not satisfied the conditions of his probation, which warrants revocation of his probation and making the deferred three-month suspension executory.
Accordingly, the board recommended that respondent’s probation be revoked and he be actively suspended for three months. The board also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
The undisputed evidence in the record demonstrates that respondent failed to cooperate with his probation monitors and acted unreasonably in failing to execute a probation plan.[4] Respondent’s actions frustrated the imposition of probation as *216 ordered by this court. We conclude respondent’s willful failure to cooperate in the probationary process constitutes misconduct that warrants discipline.
Accordingly, we will revoke respondent’s probation and make the previously deferred three-month suspension executo-ry. In light of the continued need to monitor respondent’s practice, we further order that respondent’s reinstatement to the practice of law shall be subject to a two-year period of supervised probation as ordered in our | ¿original judgment in Jones I. In the event respondent engages in any misconduct during this period (including but not limited to failure to cooperate in the probationary process), the ODC shall file an immediate report in this court and may request that we place respondent on interim suspension pending additional disciplinary charges, if appropriate. See In re: Laurent, 04-2750 (La.11/17/04), 886 So.2d 1123.
DECREE
For the reasons assigned, it is ordered that the probation of Johnnie A. Jones, Jr., Louisiana Bar Roll number 1083, be and hereby is revoked and the previously deferred three-month suspension imposed in In re: Jones, 02-3131 (La.10/21/03), 859 So.2d 666, is made executory immediately. It is further ordered that upon his reinstatement to the practice of law, respondent shall be placed on supervised probation for a period of two years, subject to the conditions set forth in this opinion. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
JOHNSON, J., dissents for reasons originally assigned.

. According to Mr. McLindon, respondent refused to sign the probation plan unless it *215 included language stating that he disagreed with this court’s findings in Jones I. However, Mr. McLindon also stated that neither the deputy disciplinary counsel nor the disciplinary board would allow such language in the plan.

. Respondent filed a motion for continuance on December 7, 2005. The ODC objected to the continuance on the grounds that respondent failed to confer with the ODC before filing the motion and failed to provide evidence of his reasons for needing a continuance (illness, medical treatment, and an out-of-town trip on the hearing date). The disciplinary board denied the continuance, and the hearing went forward on the scheduled date.

. The board’s reference to the “amended probation plan" is somewhat misleading. Respondent initially signed a plan that included the language he wanted specifying his disagreement with this court's findings in Jones I. Because the ODC objected to this language, the plan was never filed. At some point, the board apparently agreed to respondent’s proposed language and instructed him to execute a revised plan that included his language, as well as standard conditions of probation not included in the first plan. Respondent refused to execute this plan, advising the board that the ODC may prosecute him again but he was not going to execute a probation plan. Thus, so far as we can tell from the record, no revised probation plan was ever executed by respondent.

. In In re: Pepper, 05-2093 (La. 1/27/06), 922 So.2d 527, we denied as premature a rule to revoke probation on the ground that no pro *216 bation plan had been executed. Pepper is distinguishable from the instant case because it involved unsupervised probation that did not require the appointment of a probation monitor. By contrast, the probationary process commenced in the instant case upon the appointment of the probation monitor.