*21 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM*
| ]This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Johnnie A. Jones, Jr., an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public. In re: Jones, 10-2010 (La.9/15/10), 43 So.3d 960.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. In 2003, respondent was suspended from the practice of law for three months, fully deferred, subject to a two-year period of probation, for accepting a personal injury settlement on behalf of his client after he was discharged. In re: Jones, 02-3131 (La.10/21/03), 859 So.2d 666 (“Jones I”). In February 2006, respondent’s probation was revoked and the deferred three-month suspension was made executory for respondent’s willful failure to cooperate with his probation monitor. In re: Jones, 05-2549 (La.2/3/06), 920 So.2d 214 (“Jones II”). The court’s per curiam in Jones II stated:
Accordingly, we will revoke respondent’s probation and make the previously deferred three-month suspension executo-ry. In light of the continued need to monitor respondent’s practice, we further order that respondent’s reinstatement to the practice of law shall be subject to a |2two-year period of supervised probation as ordered in our original judgment in Jones I. In the event respondent engages in any misconduct *22 during this period (including but not limited to failure to cooperate in the probationary process), the ODC shall file an immediate report in this court and may request that we place respondent on interim suspension pending additional disciplinary charges, if appropriate. See In re: Laurent, 04-2750 (La.11/17/04), 886 So.2d 1123. [Emphasis added.]
After serving his three-month suspension, and complying with the administrative requirements of Supreme Court Rule XIX, § 23, respondent was reinstated to the practice of law effective September 4, 2009. Respondent’s reinstatement was subject to a two-year period of supervised probation, as set forth in Jones II.
In August 2010, the ODC filed a motion in this court, alleging that respondent was in violation of the court’s order in Jones II. Specifically, the motion represented that respondent had failed to cooperate with his probation monitor and failed to cooperate with the ODC in its investigation of a disciplinary complaint filed against him. On September 15, 2010, the court granted the motion and placed respondent on interim suspension.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present matter.
FORMAL CHARGES
Count I — The Failure to Cooperate Matter
In May 2010, the disciplinary board appointed Baton Rouge attorney Darrel Pa-pillion to serve as respondent’s probation monitor. In July 2010, Mr. Papillion gave a sworn statement in which he described his unsuccessful efforts to contact respondent regarding his probation. Mr. Papil-lion tried repeatedly to contact | ^respondent by telephone, but respondent never returned the calls. Mr. Papillion also wrote to respondent, but likewise, respondent did not respond to the letters.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct) and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
Count II — The Unauthorized Practice of Law Matter
Prior to his suspension in Jones II, respondent represented Edward Trusclair in a tort suit in the 19th Judicial District Court for the Parish of East Baton Rouge. Between February 3, 2006 and September 4, 2009, while he was suspended from the practice of law pursuant to Jones II, respondent continued to take legal action on behalf of Mr. Trusclair by engaging in the following acts: (1) On March 6, 2006, he filed a motion to extend time for filing a brief with the First Circuit Court of Appeal; (2) he prepared a brief which was filed with the court of appeal on April 6, 2006; and (3) on March 12, 2008, he filed a motion and order for status conference with the district court.
The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.16(a)(1) (a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the representation will result in a violation of the Rules of Professional Conduct or other law), 1.16(d) (obligations upon termination of the representation), 5.5(a), (e)(3) (engaging in the unauthorized practice of law), and 8.4(d).
| ¿DISCIPLINARY PROCEEDINGS
In January 2011, the ODC filed formal charges against respondent, alleging he vi- *23 dated the Rules of Professional Conduct as set forth above. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee adopted the deemed admitted factual allegations of the formal charges as its factual findings. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as charged, and recommended he be suspended from the practice of law for two years.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee’s factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. The board also determined that the committee correctly applied the Rules of Professional Conduct.
The board determined respondent knowingly violated duties owed to his client and to the legal system. His refusal to stop practicing law while suspended |fiand his failure to cooperate in the probation process following his 2009 reinstatement caused harm to the legal system, and potential harm to his client. Based on the ABA’s Standards for Imposing Lavnjer Sanctions, the board determined the applicable baseline sanction is suspension.
The board found the following aggravating factors are present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1983). The board found no mitigating factors supported by the record.
Based on this court’s prior jurisprudence involving similar misconduct, the ABA Standards, and the facts of this case, the board recommended respondent be suspended from the practice of law for two years. The board also recommended that respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed |6admitted. However, the language of *24 § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent failed to cooperate in the probation process following his 2009 reinstatement and engaged in the unauthorized practice of law while he was suspended. Based on these facts, respondent has violated the Rules of Professional Conduct as charged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and' mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent knowingly violated duties owed to his client and to the legal system. His misconduct caused actual harm to the legal system and potential harm to his client. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction is suspension from the practice of law. There are numerous aggravating factors present, as found by the board, and there are no mitigating factors present.
|7Under these circumstances, we find the two-year suspension recommended by the board is appropriate. Accordingly, we will suspend respondent from the practice of law for two years.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Johnnie A. Jones, Jr., Louisiana Bar Roll number 1083, be and he hereby is suspended from the practice of law for a period of two years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.